Opinion of the Court, by
Judge Wallace.
THIS is an action of slander, which was brought by Stephens against Eastburn, on a charge of perjury, and in which justification was pleaded. Several errors are alleged, an founded on a bill of exceptions, in substance as follows: That the plaintiff had been sworn before arbitrators appointed by order of court; and who also deposed, that he was sworn before a justice of the Peace, as seated in the declaration; and then offered to prove by witnesses, that the said plaintiff had, before fie was sworn by said arbitrators and by said justice, made statements and assertions of facts that were different and contrary to what he had deliberately deposed *83 on oath. But to the examination of said witnesses, as to any statements made by the said plaintiff relative to any point or fact when not on oath, to which he afterwards deposed, the plaintiff, by his counsel, objected; which objection was sustained by the court, who excluded the testimony, they being of opinion that no statements of the plaintiff, made before he was sworn, should be given in evidence against him in this suit.
No precedent of the admission of such testimony, in a suit of this kind, has been produced; but it seems to this court, if the defendant had first proved that the plaintiff had sworn falsely, then the collateral testimony in question might have been proper to evince, or to aid in evincing, that he had wilfully and corruptly done so, or for some similar purpose. But, from the bill of exceptions, it does not appear that any direct testimony to support the charge of perjury was offered, without which, collateral testimony was certainly improper and inadmissible. So that the correctness or incorrectness of the decision of the court below, which is complained of, depended on what other evidence was or was not produced; which the defendant ought to have shown, but has not done it.—Judgment affirmed.